```
                    UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF VERMONT
```

GRISTMILL BUILDERS, LTD.,         :
    Plaintiff and              :
    Counter Defendant,         :
                                :
    v.                         :     File No. 1:08-CV-54
                                :
TOM EDWARDS and ANN EDWARDS,      :
    Defendants and             :
    Counter Claimants.         :
_____   :

## RULING ON PLAINTIFF'S MOTION TO JOIN THIRD-PARTY DEFENDANT
(Paper 65)

I.   Introduction

    Plaintiff Gristmill Builders, Ltd. moves to join as a third-party defendant Richard Whittemore, doing business as Woody's Sales & Service (Woody's), in its action against Defendants Tom and Ann Edwards. (Paper 65.) Plaintiff also submitted a proposed Third Party Complaint. (Paper 65, Exh. 1.) Defendants did not respond to the motion. For the reasons stated below, the motion is denied.

II.  Background

    This breach of contract suit arising from the construction of a vacation home in Stowe, Vermont was originally filed in Lamoille County Superior Court on February 1, 2008. Plaintiff Gristmill seeks compensatory damages, unpaid contract amounts due and interest, as well as attorney fees and costs. (Paper 4 at 2.) The parties entered into a contract for the project in

September 2005 and, in December 2006, as the project was almost completed, the house was extensively damaged by fire.

On March 5, 2008, Defendants removed the case to this Court based on diversity of citizenship. Defendants subsequently filed an answer and counterclaim, alleging breach of contract, breach of implied warranty, consumer fraud, negligence, and negligent supervision and maintenance, and seeking compensatory and consequential damages and treble damages under the Vermont Consumer Fraud Act, as well as interest and costs. (Paper 21 at 8.) Defendants contend Gristmill is responsible for the fire. After the fire, Defendants hired a second contractor to "remediate" the project. Defendants allege that during the remediation of the house, they learned of deficiencies in Gristmill's work.

In response to the counterclaim, Gristmill seeks to join as a third-party defendant Richard Whittemore, d/b/a Woody's Sales & Service, a subcontractor on the project responsible for the heating and plumbing system. Gristmill contends that joinder of Woody's is appropriate because Gristmill would be entitled to pursue an indemnity action against Woody's if the Edwards are successful in their claim against Gristmill for problems with the plumbing system. (Paper 65 at 2.) Gristmill moves under Federal Rule of Civil Procedure 20.

III. Analysis

    A.   Joining Woody's as a third-party defendant

As an initial matter, Rule 20 provides for joining of multiple persons as plaintiffs or defendants in one action. What Plaintiff Gristmill is seeking to do -- assert a claim against a third party stemming from Defendants' counterclaim against Plaintiff -- is governed by Rule 14(b). Rule 14 governs third-party practice and provides that, if a counterclaim is asserted against a plaintiff, the plaintiff may bring in a third party if a defendant would be allowed to do so under Rule 14(a). Fed. R. Civ. P. 14(b). Rule 14(a) permits a defendant, as a third-party plaintiff, to bring in a third party who may be liable to the defendant/third-party plaintiff for all or part of the plaintiff's claim against it. Fed. R. Civ. P. 14(a)(1). Accordingly, under Rule 14(b), Gristmill may join Woody's if Woody's is potentially liable to Gristmill for all or part of the Edwards' claims.

Gristmill contends that Woody's has a duty to indemnify it for the Edwards' claims arising from the contractor-subcontractor relationship. (Paper 65 at 2.) In this situation, joinder under Rule 14 is appropriate. See, e.g., Chase Manhattan Bank, N.A. v. Aldridge, 906 F. Supp. 866, 867 (S.D.N.Y. 1995) (holding the plaintiff's indemnity action against the third-party defendant met the requirements of Rule 14(b)); Carolina Asphalt Paving,

Inc. v. Balfour Beatty Constr., Inc., 225 F.R.D. 522 (D.S.C. 2004) (same).

B. Jurisdiction over Gristmill's claim against Woody's

The Court must further consider whether it has jurisdiction over Gristmill's third-party claim against Woody's. Rule 14 does not provide an independent basis for subject matter jurisdiction. Fed. R. Civ. P. 82. Third-party claims must satisfy ordinary jurisdictional requirements. Chase Manhattan, 906 F. Supp. at 868.

Here, Gristmill's claim against Woody's does not satisfy either federal question jurisdiction -- the indemnity claim is asserted under state law -- or diversity jurisdiction -- both Gristmill and Woody's are Vermont citizens. See 28 U.S.C. §§ 1331-32. The Court can exercise jurisdiction over the claim only if it has supplemental jurisdiction under 28 U.S.C. § 1367(b).[1] Section 1367(b) prohibits a federal court from exercising supplemental jurisdiction over claims against non-diverse persons made parties under Rule 14 when the federal court's jurisdiction is based on § 1332. See Chase Manhattan, 906 F. Supp. at 868 (holding the plain language of § 1367 bars a

---

[1] Under § 1367(b), "district courts shall not have supplemental jurisdiction [] over claims by plaintiffs against persons made parties under Rule 14 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332." Section 1367(b) applies to parties joined under Rule 20 as well.

4

plaintiff, against whom a counterclaim has been asserted, from impleading under Rule 14 a non-diverse third party for indemnity on the counterclaim). Because Rule 14 is the authority for Gristmill's joinder of Woody's as a third-party defendant, the Court may not exercise supplemental jurisdiction over the indemnity claim because such an exercise would be inconsistent with § 1332 as both Gristmill and Woody's are Vermont citizens.

IV. Conclusion

Though Gristmill's indemnity claim against Woody's meets the requirements of Rule 14(b), the Court is prohibited from exercising supplemental jurisdiction over the claim. Therefore, the Court lacks subject matter jurisdiction over Gristmill's third-party claim against the third-party defendant Woody's. Accordingly, Plaintiff Gristmill Builder's motion to join third-party defendant (Paper 65) is DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 14th day of January, 2009.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge

5